# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **KADEN STEPHAN KOSTI,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 2:18-cv-00421-DAK-JCB** |
| **UNIVERSITY OF UTAH HEALTH CLINIC,** | **District Judge Dale A. Kimball** |
| Defendant. | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(b)(1)(B), District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner for whom Magistrate Judge Jared C. Bennett has taken over due to Judge Warner's retirement.[1] The court recognizes that Plaintiff Kaden Stephan Kosti ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Plaintiff is also proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Before the court is the review of Plaintiff's complaint[3] under the authority of the IFP Statute.

---

[1] *See* ECF nos. 4, 6.

[2] *See* ECF no. 2.

[3] *See* ECF no. 3.

At the outset, the court will provide an explanation of the applicable standards for reviewing a complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based. . . . [C]onclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based.  This is so because a pro
> se plaintiff requires no special legal training to recount the facts
> surrounding his alleged injury, and he must provide such facts if
> the court is to determine whether he makes out a claim on which
> relief can be granted.  Moreover, in analyzing the sufficiency of the
> plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

On April 22, 2020, the court issued an order addressing the sufficiency of Plaintiff's complaint under the authority of the IFP Statute.[4]  The court concluded that, even under a liberal reading of Plaintiff's complaint, Plaintiff has failed to provide enough well-pleaded factual allegations to support the claims for relief asserted in the complaint.  The court noted that Plaintiff's nearly illegible complaint provides only conclusory allegations and fails to provide any sufficiently detailed factual allegations that would allow the court to determine whether Plaintiff's claims should survive dismissal.

For those reasons, the court concluded that Plaintiff's complaint fails to state claims upon which relief can be granted.  At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Accordingly, the court provided Plaintiff with an opportunity to amend the complaint.  The court directed Plaintiff to

---

[4] *See* ECF no. 5.

file an amended complaint that complied with the requirements set forth in the above-referenced authorities on or before May 22, 2020.  Plaintiff was warned that failure to do so would result in a recommendation to Judge Kimball that this action be dismissed.

Plaintiff has failed to file an amended complaint by that May 22, 2020 deadline. Accordingly, and based on the reasoning set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED June 3, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge